UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEXTER JACKSON

VERSUS

EAST BATON ROUGE PARISH
PRISON, ET AL.

CIVIL ACTION

NO. 14-45-JJB-RLB

## RULING

This matter is before the Court on [1] the Motion (rec. doc. 23) to Dismiss filed by defendants Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish, and Dennis Grimes, in his official capacity as Warden of East Baton Rouge Parish; and [2] the Motion (rec. doc. 26) to Dismiss on the Basis of Prescription, and Alternatively, on the Basis of Prematurity filed by defendant East Baton Rouge Parish. Both motions are opposed. Rec. docs. 25 & 32. Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court [1] **GRANTS IN PART and DENIES IN PART** the Motion (rec. doc. 23) to Dismiss, and [2] **GRANTS IN PART and DENIES IN PART** the Motion (rec. doc. 26) to Dismiss on the Basis of Prescription, and Alternatively, on the Basis of Prematurity.

## Background

The following facts are taken from the plaintiff's complaint and are accepted as true for purposes of this ruling. From October 22, 2012 through January 28, 2013, the plaintiff Dexter Jackson was incarcerated in the East Baton Rouge Parish Prison. Rec. doc. 1, p. 3, ¶ 12. During his incarceration, the plaintiff began experiencing "extreme pain from a wisdom tooth." *Id.* at p. 4, ¶ 13. The plaintiff initially requested medical care on November 5, 2012, but he received no reply. *Id.* at p. 4, ¶ 14. After his second request on November 17, 2012, the plaintiff received an appointment to see the dentist, and the appointment was scheduled for November 23, 2012. *Id.* at

1

p. 4, ¶ 15–16. However, when his appointment date arrived, the plaintiff "was not allowed to see the [d]entist because November 23, 2012 was a [h]oliday." *Id.* at p. 4, ¶ 16. Subsequently, the plaintiff made a third request for medical attention due to the extreme pain in his mouth. *Id.* at p. 4, ¶ 17. Finally, after another month delay, the plaintiff was allowed to see a dentist, and as a result, Dr. Vincent Leggio extracted four teeth from the roof of the plaintiff's mouth on January 4, 2013. *Id.* at p. 4, ¶ 18–19. Thereafter, on January 18, 2013, Dr. Leggio attempted to remove an additional two teeth from the bottom of the plaintiff's mouth, but the doctor experienced difficulty in extracting these teeth. *Id.* at p. 4, ¶ 20.

After the procedure on January 18, the plaintiff still experienced pain in his mouth, and upon further examination, he "discovered that there were broken pieces of tooth in his gum line where Dr. Leggio pulled a tooth." *Id.* at p. 4, ¶ 21–22. Furthermore, "Dr. Leggio left behind the root where the tooth was pulled." *Id.* at p. 4, ¶ 22. On January 21, 2013, the plaintiff requested emergency medical attention, but his request was ignored. *Id.* at p. 4, ¶ 24. Two days later, the plaintiff "reported to Sergeant Pigeon that he was in extreme pain from the botched procedure," but "Sergeant Pigeon's response was 'Are you finished yet' and then she walked off." *Id.* at p. 5, ¶ 25. The plaintiff made another request for a post-procedure correction of the botched dental procedure, but such request was not granted prior to his release. *See id.* at p. 5, ¶ 27.

On January 28, 2013, Mr. Jackson was released from prison. *Id.* at p. 5, ¶ 29. The following day, he visited the emergency room at Earl K. Long Hospital. *Id.* at p. 5, ¶ 30. The treating doctor diagnosed the plaintiff "with a facial abscess," and in order to treat his symptoms, the doctor made an incision to drain the abscess and placed the plaintiff on antibiotics. *Id.* at p. 5, ¶ 31. Due to these alleged actions, the plaintiff filed the pending suit against the (1) East Baton Rouge Parish Prison; (2) Dennis Grimes, in his official capacity as Warden of East Baton Rouge

Parish; (3) Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish; (4) East Baton Rouge Parish; (5) Jane Doe, in her individual and official capacity as employee of East Baton Rouge Parish Prison; and (6) Dr. Vincent Leggio, in his individual and official capacity as employee of East Baton Rouge Parish Prison. In this action, the plaintiff sets forth Section 1983 and Louisiana state law claims for relief resulting from the "failure to provide adequate medical treatment, inflicting cruel and unusual punishment upon Mr. Jackson as causing . . . him extreme pain, mental anguish, emotional distress, and life threatening infection." *Id.* at p. 1, ¶ 1. Subsequently, multiple defendants filed the pending motions to dismiss, and the Court will deal with these motions *seriatim*.

**Analysis**

1. Motion to Dismiss (Rec. Doc. 23)

   a. *Standard of Review*

The Court will first address the motion to dismiss filed by defendants Sid Gautreaux and Dennis Grimes, wherein the defendants seek to dismiss the claims filed against them pursuant to Rule 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

3

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept "all well-pleaded facts as true and [view] them in a light most favorable" to the non-moving party. *Kramer v. Bisco*, 470 F.App'x 246, 246 (5th Cir. 2012) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

b. *Claims Against East Baton Rouge Parish Prison*

First and foremost, the defendants seek to dismiss all claims filed against the East Baton Rouge Parish Prison, because they assert that it is not a proper defendant. In a previous case, this Court provided that:

> Under Rule 17(b) . . . the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued.

4

*Alexander v. Blank*, 2010 WL 2803970, at * 1 (M.D. La. June 16, 2010) (citing *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So. 2d 578 (La. App. 4th Cir. 1980)). In light of this, and for reasons further provided in the defendants' reply (rec. doc. 29), the Court dismisses all claims filed against the East Baton Rouge Parish Prison.

    c.  *Section 1983 Claims Against Defendants Gautreaux and Grimes*

First and foremost, in his opposition, the plaintiff avers that these defendants are vicariously liable for the acts of their subordinate. However, "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). *See also Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*."). Therefore, any claims for vicarious liability under Section 1983 must fail as they relate to defendants Gautreaux and Grimes.

Furthermore, the plaintiff sues defendant Sid Gautreaux and defendant Dennis Grimes in their official capacity, as the Sheriff of East Baton Rouge Parish and the Warden of East Baton Rouge Parish, respectively.[1] In *Kentucky v. Graham*, the Supreme Court outlined the difference between individual-capacity and official-capacity suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award

---

[1] Additionally, there is no allegation that either defendant personally participated in the relevant activities that gave rise to the plaintiff's complaint. Therefore, the plaintiff's claims against these defendants could only be in their official capacity.

of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. 159, 165−66 (1985) (citations omitted). "A local government entity may be sued 'if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988)) (internal quotation marks omitted). To impose liability upon these defendants in their official capacity, the plaintiff must show three elements: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotation marks omitted). An "official policy" is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). The plaintiff acknowledges that there was no policy officially adopted or promulgated in this case. Rec. doc. 25-1, p. 6. Furthermore, the plaintiff fails to assert any facts indicating that there is a "persistent, widespread practice of . . . officials or employees, which . . . is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster*, 735 F.2d at 841. The plaintiff merely alleges a single incident involving the plaintiff and makes the conclusory allegation that this constituted a policy of the State of Louisiana and the parish prison. *See* rec. doc. 1, p. 5.

6

Accordingly, and for reasons further provided in the defendants' brief, the Court must dismiss all Section 1983 claims against defendant Sid Gautreaux and defendant Dennis Grimes. Nevertheless, the Court will allow the plaintiff 14 days to amend the complaint to correct the pleading deficiency.

    d. *State Law Claims Against Defendants Gautreaux and Grimes*

The defendants argue that they cannot be liable under Louisiana state law because they are not responsible for the medical treatment of prisoners. Nevertheless, in their memorandum in support of the motion, the defendants admit that they must make sure that prisoners are properly cared for while incarcerated. Rec. doc. 23-1, p. 3. Additionally, under Louisiana state law, these defendants can be vicariously liable for the actions of their subordinates, including Sergeant Pigeon. *See* La. Civ. Code art. 2320. Accordingly, the Court refuses to dismiss the pending Louisiana state law claims against defendant Gautreaux and defendant Grimes.

2. <u>Motion to Dismiss on the Basis of Prescription, and Alternatively, on the Basis of Prematurity (Rec. Doc. 26)</u>

According to the motion, the Parish of East Baton Rouge seeks dismissal of all claims filed against it, whether under federal or state law.

    a. *Section 1983 Claims*

In his complaint, the plaintiff asserts Section 1983 claims for relief against the defendant East Baton Rouge Parish as the employer of Vincent Leggio and Jane Doe. Rec. doc. 1, p. 2, ¶ 6. "[M]unicipalities are 'persons' subject to suit under 42 U.S.C. § 1983." *Milam v. City of San Antonio*, 113 F. App'x 622, 625 (5th Cir. 2004) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978)). Nevertheless, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a

*respondeat superior* theory." *Monell*, 436 U.S. at 691. Therefore, the Parish of East Baton Rouge cannot be held liable under Section 1983 solely for any alleged acts or omissions by its employees.

Nevertheless, East Baton Rouge Parish can be sued under Section 1983 for municipal liability "if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Praprotnik,* 485 U.S. at 121. As aforementioned, the three requirements to impose municipal liability are: "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Zarnow*, 614 F.3d at 166 (quoting *Piotrowski*, 237 F.3d at 578) (internal quotation marks omitted). For similar reasons as above, the plaintiff fails to plead sufficient facts to show either a policy or custom sufficient to bring a Section 1983 claim for relief against the Parish of East Baton Rouge. Nevertheless, the Court will allow the plaintiff 14 days to amend the complaint to correct the pleading deficiency.

    b. *State Law Claims*

As for the plaintiff's state law claims, the defendant Parish of East Baton Rouge contends that the plaintiff's claims sound in medical malpractice, and as a result, the plaintiff's claims are either prescribed under the relevant Louisiana law or the claims are premature because the Medical Review Panel has yet to issue its opinion. In the complaint, the plaintiff avers that the Parish of East Baton Rouge is liable, individually and vicariously, for failing to provide adequate medical care to the plaintiff. Rec. doc. 1, p. 7. As further expounded upon in the defendant's motion (rec. doc. 26-1) and based on the facts presented, any such state law claims clearly sound in medical malpractice pursuant to the *Coleman* factors. *See Coleman v. Deno*, 813 So. 2d 303 (La. 2002). With regards to any medical malpractice claims that the plaintiff attempts to assert

against the defendant East Baton Rouge Parish, the Court finds that such claims are premature, as the defendant is a qualified healthcare provider pursuant to Louisiana law and the Medical Review Panel has not rendered an opinion on the matter. Accordingly, and for reasons further provided in the defendant's brief, the Court dismisses, without prejudice, all medical malpractice claims against the defendant Parish of East Baton Rouge.

However, the plaintiff also asserts other Louisiana state law claims for relief against the defendant East Baton Rouge Parish, including "failure to train or instruct prison staff to timely address the complaints of prisoners with serious medical conditions" and general negligence. Rec. doc. 1, p. 7. Unlike above, these claims do not sound in medical malpractice. With regards to other state law claims, such as the claim regarding failure to train and excluding the claims sounding in medical malpractice, the defendant East Baton Rouge Parish failed to convince this Court to dismiss such claims.

## Conclusion

Therefore, for the reasons provided, the Court [1] **GRANTS IN PART and DENIES IN PART** the Motion (rec. doc. 23) to Dismiss, and [2] **GRANTS IN PART and DENIES IN PART** the Motion (rec. doc. 26) to Dismiss on the Basis of Prescription, and Alternatively, on the Basis of Prematurity. The Court will allow the plaintiff **14 days** to amend his complaint to correct the deficiencies. Finally, the Court **DISMISSES, WITHOUT PREJUDICE**, all medical malpractice claims against defendant East Baton Rouge Parish, as such claims are premature.

Signed in Baton Rouge, Louisiana, on July 8, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**