UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEXTER JACKSON

VERSUS

EAST BATON ROUGE PARISH PRISON,
DENNIS GRIMES, WARDEN SID
GAUTREAUX, SHERIFF, EAST BATON
ROUGE PARISH DR. VINCENT LEGGIO,
D.D.S., AND JANE DOE

CASE NO. 14-CV-045-JJB-RLB

JUDGE JAMES J. BRADY

MAGISTRATE JUDGE
RICHARD L. BOURGEOIS

# RULING ON MOTION TO DISMISS

Defendants, Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), and Dennis Grimes, in his official capacity as Warden of East Baton Rouge Parish Prison ("Warden Grimes"), moves for this Court to dismiss the 42 U.S.C. § 1983 claims for violation of Eight Amendment rights of Plaintiff, Dexter Jackson, as submitted in Plaintiff's Second Amended Complaint (doc. 45). The Motion to Dismiss filed by Sheriff Gautreaux and Warden Grimes has been considered for this Ruling (doc. 70-1). There was no opposition filed in response to the motion.

## STANDARD OF REVIEW

a. *Motion to Dismiss*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is plausible when the plaintiff pleads "factual content" that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the

1

complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012)(citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)).

    b. *Section 1983 Claims Against Defendants Sheriff Gautreaux and Warden Grimes in their Official Capacities*

Municipal or official capacity liability under section 1983 requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Hous.,* 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Hous.,* 237 F.3d 567, 578 (5th Cir.2001)). The Fifth Circuit has instructed that "each and any policy which allegedly caused constitutional violations must be specifically identified by plaintiff." *Piotrowski, 237 F. 3d at 579.*

## FACTUAL ALLEGATIONS

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this ruling. From October 22, 2012 through January 28, 2013, Plaintiff was incarcerated in the East Baton Rouge Parish Prison (doc. 45, at 3). During his incarceration, Plaintiff began experiencing "extreme pain from a wisdom tooth." *Id.* at 3. Plaintiff initially requested medical care on November 5, 2012, but he received no reply. *Id.* at 4. After his second request on November 17, 2012, Plaintiff received an appointment to see the dentist, and the appointment was scheduled for November 23, 2012. *Id*. However, when his appointment date arrived, Plaintiff "was not allowed to see the [d]entist because November 23, 2012 was a [h]oliday." *Id*. Subsequently, Plaintiff made a third request for medical attention due to the extreme pain in his mouth. *Id*. Finally, after another month delay, Plaintiff was allowed to see a

dentist, and as a result, Dr. Vincent Leggio extracted four teeth from the roof of Plaintiff's mouth on January 4, 2013. *Id*. Thereafter, on January 18, 2013, Dr. Leggio attempted to remove an additional two teeth from the bottom of Plaintiff's mouth, but the doctor experienced difficulty in extracting these teeth. *Id.*

After the procedure on January 18, Plaintiff still experienced pain in his mouth, and upon further examination, he "discovered that there were broken pieces of tooth in his gum line where Dr. Leggio pulled a tooth." *Id*. Furthermore, "Dr. Leggio left behind the root where the tooth was pulled." *Id*. On January 21, 2013, Plaintiff requested emergency medical attention, but his request was ignored. *Id.* at 4-5. Two days later, Plaintiff "reported to Sergeant Pigeon that he was in extreme pain from the botched procedure," but "Sergeant Pigeon's response was 'Are you finished yet' and then she walked off." *Id.* at 5. Plaintiff made another request for a post-procedure correction of the botched dental procedure, but such request was not granted prior to his release. *Id.* at 5.

On January 28, 2013, Mr. Jackson was released from prison. *Id*. The following day, he visited the emergency room at Earl K. Long Hospital. *Id*. The treating doctor diagnosed Plaintiff "with a facial abscess," and in order to treat his symptoms, the doctor made an incision to drain the abscess and placed Plaintiff on antibiotics. *Id*. Due to these alleged actions, Plaintiff filed the pending suit against the (1) East Baton Rouge Parish Prison; (2) Dennis Grimes, in his official capacity as Warden of East Baton Rouge Parish; (3) Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish; (4) East Baton Rouge Parish; (5) Jane Doe, later named as Sergeant Pigeon, in her individual and official capacity as employee of East Baton Rouge Parish Prison; and (6) Dr. Vincent Leggio, in his individual and official capacity as employee of East Baton Rouge Parish Prison. In this action, Plaintiff sets forth Section 1983 and Louisiana state

law claims for relief resulting from the "failure to provide adequate medical treatment, inflicting cruel and unusual punishment upon Mr. Jackson as causing . . . him extreme pain, mental anguish, emotional distress, and life threatening infection." *Id.* at 1.

With regard to the Defendants, Sheriff Gautreaux and Warden Grimes, who filed the Motion to Dismiss before the Court, the only claims remaining are against the two in their official capacities.

## **DISCUSSION**

First, this Court will consider whether the first element of an official policy or custom has been sufficiently pled. Such a policy is defined as either of the following:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston,* 735 F. 2d 838, 841 (5th Cir. 1984).

This Court has previously noted that Plaintiff acknowledged that there was no policy officially adopted or promulgated in this case relating to his claim (doc. 43, at 6 and doc. 25-1, at 6). Therefore, Plaintiff is left to allege a policy of custom. Evidence of an isolated incident will not suffice to show that the practice is persistent and widespread so as to establish a custom. *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002); *See also Burge v. St. Tammany Parish*, 336 F.3d 363, 371 (5th Cir. 2003).

When this Court previously considered the sufficiency of Plaintiff's allegations from the original complaint, the Court found that Plaintiff alleges a single incident involving the Plaintiff

4

and from that makes a conclusory allegation that this constituted a policy of the State of Louisiana and parish prison (doc. 43, at 6). The Plaintiff has since filed a Second Amended Complaint (doc. 45). In this Amended Complaint, Plaintiff included three additional paragraphs in an attempt to sufficiently plead the existence of a policy of custom (doc. 45, ¶¶ 33, 34, and 38). One of these newly pled paragraphs is nothing more than a conclusory statement that "a persistent, widespread practice of the staff and employees…is greatly common and well settled to constitute a custom that fairly represents municipal policy" (doc. 45, ¶ 33). This conclusion is not supported by any factual allegations that supplement the insufficient allegations of the original complaint. In another of these paragraphs the Plaintiff only reiterates the allegations of fact surrounding the isolated incident of his own treatment (doc. 45, ¶ 34). Finally, the last additional paragraph claims that numerous lawsuits and administrative complaints are filed each year in both state and federal court as a result of the East Baton Rouge Sherriff and EMC employees "intentional ignoring of inmates declining health and pleas for medical attention" (doc. 45, ¶ 39). Plaintiff generally points to these unidentified lawsuits to further support the claim that a policy of custom exists. Even assuming the Plaintiff's general allegation about other lawsuits existing is true, other courts considering such allegations have found that the mere existence of other lawsuits filed against the Defendants does not provide a basis for liability in this instance (doc. 70-1, at 8 (citing *Peters v. City of Biloxi, Mississippi*, 57 F.Supp.2d 366 (S.D. Miss. 1999)).

## **CONCLUSION**

Plaintiff has failed to sufficiently plead facts to support a 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation against Defendants, Sheriff Gautreaux and Warden Grimes in their official capacities. The Plaintiff's amended complaint was considered. Plaintiff did not file

an opposition to the Motion to Dismiss at issue herein. Thus, the Section 1983 claims asserted against Sheriff Gautreaux and Warden Grimes in their official capacity are **DISMISSED**.

Signed in Baton Rouge, Louisiana, on January 29, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**